UNITED STATES DISTRICT COURT    b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER ALLAN COUGLE | CIVIL ACTION NO. 1:16-CV-01473 |
| VERSUS | CHIEF JUDGE DRELL |
| BARACK H. OBAMA, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Plaintiff Christopher Allan Cougle ("Cougle") filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in the above-captioned case.

In order to avail himself of the benefits of 28 U.S.C.A. § 1915, a litigant does not have to impoverish himself to the extent that he and his dependents would become public charges. Martin v. Gulf States Utilities Co., 221 F.Supp. 757, 759–60 (W.D. La. 1963) (citing Adkins v. E. I. DuPont DeNemours & Co., 335 U.S. 331 (1958)). However, a showing of something more than a mere hardship must be made. Martin, 221 F. Supp. at 759-60 (citing U.S. v. Pellegrini, 201 F.Supp. 65 (D.C. Mass. 1962)). The affidavit should be sufficiently specific in setting out the financial situation of the applicant so as to expose the affiant to the penalties of perjury in a case of bad faith. Martin, 221 F. Supp. at 759-60 .

Cougle's affidavit supporting his motion does not affirmatively demonstrate his inability to pay the costs of this action. On the contrary, he appears to have considerable income and substantial property. Cougle has a base salary of $500,000

per year for his employment as an anesthesiologist; he receives rent, interest or dividend income of $6,000 per year; and he receives a pension, annuity, or life insurance income of $30,000 per year (Doc. 2). Cougle admits he owns "real estate, automobiles, or other vehicles, boats, stocks, bonds, notes, or any other valuable property," but failed to describe his property with specificity.

Cougle also appears to state that he has not worked in two months, but does not allege that he has not received his salary (Doc. 2). Cougle states that he owes credit card debt, child support, and house notes on a house and a condominium (Doc. 2). Cougle owes a small amount on a student loan, pays $4000 per month in car notes, pays $250 per month for insurance, and pays an unspecified amount for water, gas, and electricity. Presumably, he also pays for phone service, food, clothing, household supplies, and possibly television and internet service.

It is clear that Cougle has substantial property, substantial income, some debts, living expenses, and a child support obligation. Cougle has not shown exactly what real property he has (including equity positions), what vehicles he owns (including their fair market values and the amounts owed), or what other valuable property he owns. Put simply, Cougle has not shown that he cannot afford to pay the fees and costs in this case. Rather, he has shown the contrary.

Accordingly, IT IS RECOMMENDED that Cougle's application to proceed *in forma pauperis* be DENIED.

IT IS FURTHER RECOMMENDED that Cougle pay the $400.00 filing fee within 30 days. Failure to do so will result in this complaint being stricken.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __17th__ day of November, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge